**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES E. SMITH,<br><br>    Plaintiff,<br><br> v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>    Defendant. | 1: 07 - CV - 0922 AWI SMS<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH JULY 6, 2007 ORDER AND PAY THE FILING FEE** |

  This is a civil action brought by state prisoner James E. Smith ("Plaintiff"). In the complaint, Plaintiff contends that the United States government has violated his and his children's rights by depriving Plaintiff of his children.

  On July 6, 2007, the court found that pursuant to 28 U.S.C. § 1915(g), Plaintiff could not proceed in this action without paying the filing fee because on three or more prior occasions Plaintiff has brought an action that was dismissed on the grounds of being frivolous, malicious, or failing to state a claim. The court ordered Plaintiff to pay the filing fee within thirty days. Over thirty days has passed and Plaintiff has not paid the filing fee or filed any document with the court concerning his filing fee.

  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order the court must consider several factors, including: (1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); Ferdik, 963 F.2d at 1260-61.

At this time, the court will dismiss this action. Plaintiff has not paid the filing fee and this case cannot proceed until the filing fee is paid. The court cannot manage its docket if it maintains cases in which a plaintiff fails to follow court orders and take necessary steps to proceed with an action. The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding. Public policy favoring disposition of cases on their merits also has little or no weight in actions where the plaintiff is required to pay the filing fee and the plaintiff is unable or unwilling to pay the filing fee. The availability of less drastic sanctions has been considered, but given that Plaintiff is required to pay the filing fee by statute, the court has no effective sanction but to close the case. The court expressly warned Plaintiff that failure to pay the filing fee within thirty days would result in this action's dismissal. Finally, the risk of prejudice to Defendant also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).

The court does note that on July 16, 2007, Plaintiff filed an emergency motion with the court. This motion does not concern Plaintiff's filing fee. In fact, this motion does not even concern the subject matter of this lawsuit – the United States' alleged actions in taking away Plaintiff's children. This motion concerns Plaintiff's current conditions of confinement. Because this motion is not related to this action and makes not mention of the filing fee, the court finds this motion is not grounds to delay dismissing this action.

Accordingly, the court ORDERS that:

1. This action is DISMISSED for failure to comply with the court's order that Plaintiff pay the filing fee;
2. The July 16, 2007 motion is DENIED as moot; and
3. The Clerk of the Court shall close the case.

IT IS SO ORDERED.

**Dated:    August 30, 2007**              /s/ Anthony W. Ishii
                                UNITED STATES DISTRICT JUDGE